Receipt number 9998-4878166

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. _____ 18-1302 C

(Filed Electronically: August 27, 2018)

*****************************************

AFGE Local 1298,
Angela O. Ajayi,
Miasha L. Amos,
Levin L. Bratten,
Thomas Buchberger,
Dallas Calhoun,
Norma A. Castillo,
Jose E. Colon,
Christopher M. Compton,
Victoria M. Darnell,
Debra A. Denny,
Kayode S. Fadipe,
Angelina M. Fusco,
Felicia M. Gomez,
Joyce L. Hawley,
Diamond M. Jackson,
Hunter Lewis,
Gracendio Nova,
Enoch A. Ogooluwa,
Margaret Oyenekan,
Lucy C. Oyi,
Latoya N. Pierre,
Gerald Piper,
Orlando Ranch,
Clinton J. Ray,
Leacie M. Warren,
Okwuchi I. Amaechi,
Dairy S. Burns,
Warren S, Crockett,
Jamie A. Diaz, and
Alicia Ramirez

       Plaintiffs,

vs.

THE UNITED STATES,

       Defendant,

## **CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

NOW COMES, the named plaintiffs, on behalf of themselves and all other similarly situated, with the AFGE Local 1298, and for their Class Action Complaint for Money Damages ("Complaint") allege as follows:

### INTRODUCTION

This actions seeks damages retroactive to August 18, 2012 on behalf of a class of present and former United States Government employees who worked as nurses or food services staff at the Federal Medical Complex in Fort Worth, Texas ("FMC Fort Worth") for lost overtime work opportunities for the failure of the Federal Bureau of Prisons to create a proper rotational method so that all overtime opportunities are "fairly and equitably distributed" to staff pursuant to Article 18(p) of the Master Agreement between the Council of Prison Locals 33 and the Federal Bureau of Prisons. The aggrieved parties aver that the Federal Bureau of Prisons at FMC Fort Worth have continuously engaged in an "unwarranted and/or unjustified personnel actions" in violation of the Back Pay Act for failure to properly rotate as well as fairly and equitably distribute overtime to all staff members.

Plaintiff AFGE Local 1298 is an unincorporated association and a local union that represents federal government employees at the Federal Medical Center in Fort Worth, Texas. Local 1298 and the Plaintiffs, on behalf of the class, also claim interest on the above amounts owed to the bargaining unit members pursuant to the provisions of 5 U.S.C. § 5596 and attorney's fees and costs.

## JURISDICTION AND VENUE

1.  Jurisdiction over this action is conferred by 28 U.S.C. § 1346(a) (2) (Tucker Act), 5 U.S.C. § 5596 (Back Pay Act), 28 U.S.C. § 2501, 5 U.S.C. § 2105, 5 U.S.C. § 5544(a), and 5 U.S.C. § 5546(a).

2.  Plaintiffs are members of the plaintiff class who were, or are, employees of the Federal Bureau of Prisons at Fort Worth, Texas, who has regularly failed to receive fair and equitable distribution of overtime because the Agency failed to fairly and equitably distribute the overtime available.

3.  Members of the class include Nurses and Food Service employees who were entitled to be placed in a fair and equitable rotation when the Agency determined overtime existed. The plaintiffs' full names, addresses, last four digits of their social security number, place of employment, and position are identified in the list attached hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

4.  Plaintiffs were, or are, employed by the United States in the Federal Bureau of Prisons at FMC Fort Worth as noted in Exhibit 1.

5.  Plaintiffs and other members of the plaintiff class worked in either Food Service or Nursing Services who were denied overtime opportunities due to the Agency failing to distribute overtime in a fair and equitable manner during the 6-year period of time preceding the filing of the complaint.

6.  Pursuant to 5 U.S.C. § 5596, plaintiffs and other members of the plaintiff class incurred damages equal to the amount of lost overtime opportunities due to the Agency failing to

properly rotate the overtime among the available members of the Nursing Services or Food Services at FMC Fort Worth.

7. The conduct complained of is a continuous violation and still occurs today as the Agency fails to properly rotate overtime opportunities among the available staff members in Nursing Services and Food Services.

8. Even though the Agency failed to properly rotate overtime opportunities for many years, no class-wide remedial payment of back pay and interest have been authorized or paid to all eligible members of the class at FMC Fort Worth by the Bureau of Prisons.

## CLASS ACTION ALLEGATIONS

9. <u>Class Description:</u> The plaintiff class consists of an opt-in class of persons who meet the following requirements:

- Bureau of Prison employees of the United States who were or are employed on or after August 18, 2012.
- Employees who were ready, willing, and able to work overtime opportunities but were passed because the Agency failed to establish a methodology of fairly and equitably distributing overtime among the staff.
- Excluded are the employees who were or are not working at FMC Fort Worth as a member of Nursing Services or Food Services.

10. The class of plaintiffs satisfies the factors this court examines when considering class certification.

11. First, the members constitute a large but manageable class. The pool of potential class members who worked in Food Services or Nursing Services as 500 present and former

employees. This class of plaintiffs is manageable because the members of the class are specifically defined as employees who worked in Food Services or Nursing Services at FMC Fort Worth and were denied the opportunity to work overtime; all of the members of the class have previously worked or currently work for a common employer, the Federal Bureau of Prisons, an Agency of the United States. The Agency maintains Time and Attendance records, pay records, and accounts that clearly identify class members and the amount of back pay owed to each of them for the entire period on or after August 12, 2012.

12. Second, there is a question of law that is common to the entire class. The legal question is whether the defendant owes back pay and interest to each eligible employee who is a member of the class who was not properly rotated to be offered overtime in a fair and equitable manner and is entitled to back pay and interest retroactive to August 12, 2012, due to an unjustified and/or unwarranted personnel action. Defendant is liable to members of the class inasmuch as defendant's pay policy and overtime hiring procedures violate Article 18(p) of the Master Agreement.

13. Third, the common issue of law predominates over separate factual issues, if any, affecting individual members. All class members are specifically defined as Food Services and Nursing Services employees at FMC Fort Worth who were not offered the opportunity to work overtime. The members of the class were exposed to the same government policy and practice that failed to offer them overtime on a fair and equitable basis as employees at FMC Fort Worth.

14. Fourth, the claims of the plaintiffs are typical of the claims of this class.

15. Fifth, the government has acted on grounds generally applicable to the whole class, justifying relief for the class as a whole inasmuch as the government admittedly failed to properly rotate overtime opportunities to the affect class, which is an unjustified and/or unwarranted

personnel action and entitles the affected class members to compensation retroactive to August 12, 2018 for all lost overtime opportunities mandated pursuant to title 5, United States Code.

16. Sixth, the claims of many claimants are small (approximately $3,000.00 or less) and it is doubtful they would otherwise be pursued, but the ability of the bargaining unit members of Local 1298, the Back Pay Act, and the litany of Arbitral Decisions and FLRA Decisions makes it crystal clear that defendant owes back pay and interest to each and every class member.

17. Defendant has the legal and moral responsibility to pay its own employees the wages required by 5 U.S.C. § 5596 for their lost overtime opportunities.

18. Seventh, the party will adequately and fairly protect the interests of the class without conflicts of interest. Plaintiffs have no interests antagonistic to the claims of the class and will represent the class without conflicts of interest. Moreover, plaintiffs are committed to the vigorous representation of the class and have retained counsel experienced in the prosecution of complex class action litigation and violations of Federal Labor Sector Laws.

## COUNT I

19. Plaintiffs incorporate herein by reference the allegations of the Complaint set forth in paragraphs 1 to 18 above.

20. Members of the plaintiff class who worked at FMC Fort Worth regularly scheduled shifts which was not overtime, a part of which was on a Sunday, are entitled to Sunday premium pay pursuant to 5 U.S.C. § 5546(a) or 5 U.S.C. § 5544(a)(1) for each hour of work on such daily tour of duty as defined in 5 C.F.R. § 550.103.

21. Defendant wrongfully failed to pay such lost overtime pay to all affected Nursing Services and Food Services staff covered by 5 U.S.C. § 5596, for the entire period from August 12, 2012.

22. Accordingly, members of the plaintiff class who were not placed in proper rotation for overtime opportunities and not offered overtime opportunities for such work which would have been performed during the entire period beginning August 12, 2012 are entitled to back pay as determined by this Court, the exact amount to be determined at trial.

## CONCLUSION

23. There is due and owing to each of the plaintiffs and all others similarly situated within the plaintiff class, payment equal to the amount of lost overtime for each affected bargaining unit member should have received and interest thereon pursuant to 5 U.S.C. § 5596 (Back Pay Act).

24. Plaintiffs are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in possession and control of the Agency at FMC Fort Worth.

WHREFORE, plaintiffs pray that this Court:

(a) Certify this action as an opt-in class action; certify plaintiffs as class representatives; and approve the undersigned attorney as attorney for the class;

(b) Enter judgment against defendant for payments due plaintiffs and all others similarly situated for the Agency's unjustified and/or unwarranted personnel action that resulted in "lost

overtime pay" which defendant unlawfully withheld from members of the class retroactive to August 12, 2018;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all amounts above;

(d) Award reasonable attorney's fees and the costs and disbursements of this action to be paid by defendant to plaintiffs' counsel under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: August 27, 2018                    Respectfully submitted by,

**WHITEHEAD LAW FIRM**

s/ Jack K. Whitehead, Jr.

---

JACK K. WHITEHEAD, JR. #17863
JOHN-ED L. BISHOP #31622
PARKER A. DEAGANO #37656
11909 Bricksome Ave., Suite W-3
Baton Rouge, Louisiana 70816
Telephone: (225) 303-8600
Facsimile: (225) 303-0013
jwhitehead@whitehead-law.com
jbishop@whitehead-law.com
pdeagano@whitehead-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I served by first class mail, postage prepaid, a copy of the foregoing Complaint to the following: Jeff Sessions, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 and Eric D. Wilson, Warden FMC Fort Worth, 3150 Horton Road, Fort Worth, TX 76119.

s/ Jack K. Whitehead, Jr.

---

JACK K. WHITEHEAD, JR.